UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

COMPLETE PROPERTY RESOURCES, L.L.C.  CIVIL ACTION

VERSUS  No. 04-3267

CITY OF NEW ORLEANS  SECTION I/2

### ORDER AND REASONS

Plaintiff, Complete Property Resources, L.L.C. ("Complete Property"), the owner of property in New Orleans that was demolished without notice, brings this action against the City of New Orleans ("the City") and four city officials ("defendants" or "city official defendants") pursuant to 42 U.S.C. § 1983. Before the Court is a Rule 12(b)(6) motion to dismiss or, alternatively, a Rule 12(c) motion for judgment on the pleadings filed on behalf of the city official defendants in this matter, Winston Reid, Hillary Carrere, Michael Centineo, and Joseph Wong.[1] Defendants argue that Complete Property has failed to allege facts in its

---

[1] Rec. Doc. No. 40. According to the second amended complaint, Reid was director of housing code enforcement, Carrere was demolition coordinator, Centineo was director of the department of safety and permits, and Wong was an inspector in the department of safety and permits. Rec. Doc. No. 22, ¶¶ 33-36.
  The Court has been informed that Wong is now deceased. Counsel should consult Rule 25 of the Federal Rules of Civil Procedure if a claim against Wong is to be pursued.

complaint or in its Rule 7(a) reply with sufficient precision and specificity to defeat their qualified immunity defense.

## *Background*

In April, 2003, Complete Property obtained a building permit to repair and renovate a fire-damaged building it owned at 218 South Salcedo Street.[2]  Complete Property alleges that on June 24, 2003, city inspector Wong ordered Complete Property's contractors to stop work until it obtained "plans from a licensed architect or structural engineer."[3]  Complete Property further alleges that on August 29, 2003, about two months after the stop work order, Wong determined that the structure was in imminent danger of collapse.[4]  Complete Property alleges that soon thereafter the City issued a demolition permit and the building was then razed in late November, 2003, or early December, 2003.[5]  Complete Property claims that it learned of the demolition at some point in mid-December of 2003.[6]

Complete Property alleges it did not receive notice that a city inspector had deemed the building unsafe or that the City intended to raze the structure.  Complete Property further

---

[2] Rec. Doc. No. 12.

[3] Rec. Doc. No. 12.

[4] Rec. Doc. No. 12.

[5] Rec. Doc. No. 12.

[6] Rec. Doc. No. 12.

-2-

asserts that the City gave notice to the previous owner of the property.[7]

On November 30, 2003, Complete Property filed its complaint claiming damages pursuant to 42 U.S.C. § 1983 and asserting a state law claim for slander of title.[8]  In connection with its § 1983 claim, Complete Property alleges that the City deprived it of property without due process of law in violation of the fourteenth amendment and that the City took its property without just compensation in violation of the fifth amendment.  On April 21, 2005, Complete Property added defendants, Reid, Carrere, Centineo, and Wong, in their individual and official capacities.[9]

On July 19, 2005, the city official defendants filed this motion to dismiss.[10]  Defendants contend that Complete Property has failed to raise a genuine issue showing that their conduct violated plaintiff's constitutional rights and, alternatively, even if all the facts in plaintiff's complaint regarding the conduct of the individual defendants are taken as true, they are entitled to judgment as a matter of law.  Complete Property contends that defendants' Rule 12(b)(6) motion is untimely and

---

[7] Rec. Doc. No. 12.

[8] Rec. Doc. No. 1.  On March 31, 2005, plaintiff filed a first amended complaint. Rec. Doc. No. 12. On April 21, 2005, plaintiff amended its complaint again, realleging the substance of its first amended complaint and adding the four city officials who filed the motion presently before the Court. Rec. Doc. No. 22.

[9] Rec. Doc. No. 22.

[10] Rec. Doc. No. 40.

that its allegations are sufficient to defeat defendants' Rule 12(c) motion.[11]

### *Law and Analysis*

Generally, if a defendant seeks to assert a Rule 12(b) defense by motion, he must do so before filing an answer. *See* Fed. R. Civ. P. 12(b); *see also* 5C Wright & Miller, Federal Practice and Procedure, § 1361. Although a strict interpretation of the Rule's language leads to the conclusion that the Court must deny as untimely any motion made after a responsive pleading, courts have allowed late-filed defenses arising under 12(b)(6) if the defense has been included in the answer. 5C Wright & Miller, Federal Practice and Procedure, § 1361. A motion raising a 12(b)(6) failure to state a claim defense may be considered by the Court even after a responsive pleading has been filed, although it is no longer technically a Rule 12(b) motion. *See id.*

On June 21, 2005, defendants filed an answer which asserted their qualified immunity defense.[12] Defendants then filed their motion to dismiss pursuant to Rule 12(b)(6) or, alternatively, Rule 12(c). A motion to dismiss for failure to state a claim filed after pleadings are closed may be urged as a Rule 12(c) motion for judgment on the pleadings. *Id.* at § 1367 (noting that

---

[11] Rec. Doc. No. 61.

[12] Rec. Doc. No. 37

Rule 12(c) merely serves "as an auxiliary or supplementary procedural device to determine the sufficiency of the case before proceeding any further" when a failure to state a claim defense is raised after the pleadings are closed). Moreover, plaintiff concedes that denying defendants' Rule 12(b)(6) as untimely would have no practical effect because the legal standard for a Rule 12(c) motion is the same.[13]

***Standard Applicable to Motion for Judgment on the Pleadings***

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." When analyzing a Rule 12(c) motion, the pleadings should be construed liberally, and a judgment on the pleadings is appropriate only if there are no material facts in dispute and questions of law are all that remain. *Brittan Commc'ns Int'l Corp. v. Southwestern Bell Telephone Co.*, 313 F.3d 899, 904 (5th Cir. 2002); *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir. 1998); *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (citing 5A Wright & Miller, Federal Practice & Procedure § 1367).

A motion brought pursuant to Rule 12(c) is designed to dispose of cases when a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially

---

[13] Rec. Doc. No. 61.

noticed facts.  *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2000).  In determining whether to grant a Rule 12(c) motion, a court "must look only to the pleadings and accept all allegations in them as true."  *St. Paul Fire & Marine Ins. Co. v. Convalescent Servs., Inc.*, 193 F.3d 340, 342 (5th Cir. 1999).  However, when no evidence outside the pleadings is presented, the allegations in the answer are accepted as true only to the extent that they are not denied or do not conflict with the allegations in the complaint.  *Stanton v. Larsh*, 239 F.2d 104, 106 (5th Cir. 1957).  "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Brittan*, 313 F.3d at 904 (internal quotations omitted).

When a party moves for judgment on the pleadings on the ground that the non-moving party has failed to state a claim, the standard for analyzing the pleadings is substantially the same as that which governs a motion to dismiss brought pursuant to Rule 12(b)(6).  *See Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *Boswell v. Honorable Governor of Texas*, 138 F. Supp. 2d 782, 784-85 (N.D. Tex. 2000); *see also Scott v. The Houma-Terrebonne Housing Authority*, No. Civ. A. 02-770, 2002 WL 31007412, at *3 (E.D. La. Sept. 6, 2002)(citing *St. Paul Ins. Co. of Bellaire, Texas v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir. 1991)).  Pursuant to that standard, the Court will not

dismiss a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).  Accordingly, the Court should not dismiss a claim "unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint."  *Id.* (citing *Vander Zee v. Reno,* 73 F.3d 1365, 1368 (5th Cir. 1996)); *see also Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 261 (5th Cir. 1999)("A dismissal will not be affirmed if the allegations support relief on any possible theory.").  However, "a plaintiff must plead specific facts, not mere conclusory allegations . . . .'"  *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992)(quoting *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989))(alteration in original).  Additionally, "'legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'"  *Blackburn*, 42 F.3d at 931 (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).

"[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at

trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995)(internal quotation and citation omitted). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Greninger*, 188 F.3d at 324 (citing *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996)).

### *Defendants' Motion for Judgment on the Pleadings*

Section 1983 provides a cause of action for individuals who have been "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person or entity acting under color of state law.[14]  42 U.S.C. § 1983.  Complete Property claims that the city official defendants violated its right to notice and a hearing prior to depriving it of property under the procedural component of the due process clause of the fourteenth amendment.  Specifically, Complete Property alleges, *inter alia*: (1) that city inspector Wong failed to exercise due care in determining that the property was in imminent danger of collapse; (2) that Wong and Centineo knew that

---

[14] 42 U.S.C. § 1983 more fully provides:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

such a determination could lead to the property being demolished without actual notice to the property owner; and (3) that Reid, Carrere, Centineo, and Wong knew or should have known that the right of the property owner to due process notice and an opportunity to be heard prior to any action being taken is a clearly established right.

Defendants have raised the qualified immunity defense to plaintiff's § 1983 claim.[15]  In *Harlow v. Fitzgerald*, the United States Supreme Court established that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  457 U.S. 800, 818, 102 S. Ct. 2727, 2738, 73 L. Ed. 2d 396 (1982).  When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense.  *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002)(citation omitted).  Because qualified immunity constitutes an immunity from a lawsuit, rather than a mere defense to liability, the defense is intended to give public officials immunity from

---

[15] Qualified immunity does not dispose of plaintiff's claims against the city official defendants.  First, defendants have been sued both in their official capacities and in their personal capacities.  Qualified immunity does not extend to officials sued in their official capacities.  *See Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991).

The Court does not address the viability of plaintiff's *official* capacity claims because the issue was not briefed by the parties.

disruptive and burdensome pretrial matters such as discovery. *Id.* Therefore, adjudication of qualified immunity claims should occur "'at the earliest possible state in litigation.'" *Id.* (quoting *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S. Ct. 534, 536, 116 L. Ed. 2d 589 (1991)). When the qualified immunity issue is raised at an earlier stage of the proceedings, *e.g.*, prior to a motion for summary judgment, "it is the defendant's conduct *as alleged in the complaint* that is scrutinized for 'objective legal reasonableness.'" *Id.* (quoting *Behrens v. Pelletier*, 516 U.S. 299, 116 S. Ct. 834, 133 L. Ed. 2d 773 (1996))(emphasis in original).

A claim of qualified immunity requires the Court to engage in a well-established two-step inquiry. *Simmons v. City of Paris, Texas*, 378 F.3d 476, 479 (5th Cir. 2004); *Sanchez v. Swyden*, 139 F.3d 464, 466 (5th Cir. 1998); *Hare v. City of Corinth*, 135 F.3d 320, 325 (5th Cir. 1998). As stated by the Fifth Circuit:

> First, we must determine whether a public official's conduct deprived a § 1983 plaintiff of a "clearly established" constitutional or statutory right. The constitutional right must be sufficiently clear to put a reasonable [public official] on notice that certain conduct violates that right. The Supreme Court has warned against vague or general assertions of constitutional rights and has required a § 1983 plaintiff to state with specificity the constitutional right that has been allegedly violated--otherwise, liability could be imposed in every case.
>
>     . . .

> Second, a public official may successfully assert the defense of qualified immunity even though the official violates a person's civil rights, provided the official's conduct was objectively reasonable.  Whether an official's conduct is objectively reasonable depends upon the circumstances confronting the official as well as clearly established law in effect at the time of the official's actions.  The subjective intent of the public official is irrelevant, and the official's knowledge of the relevant law need not rise to the level of a constitutional scholar.

*Sanchez*, 139 F.3d at 466-67 (alteration supplied).

The due process clause of the fourteenth amendment prohibits deprivation by the state of any person's life, liberty or property.[16]  U.S. Const. amend. XIV, § 1.  However, only those deprivations of property carried out without due process of law are actionable pursuant to 42 U.S.C. § 1983.  Generally, the process that is due before the state may deprive an owner of property includes notice to the owner prior to the deprivation and an opportunity for a pre-deprivation hearing.  *Hodel v. Virginia Surface Mining & Reclamation Ass'n*, 452 U.S. 264, 298-300, 101 S. Ct. 2352, 2372, 69 L. Ed. 2d 1 (1981)("Our cases have indicated that due process ordinarily requires an opportunity for 'some kind of hearing' prior to the deprivation of a significant property interest.").  The United States Supreme Court long ago recognized that in emergency situations, deprivation of property may be constitutional without a pre-deprivation hearing even if a

---

[16] Because the allegations of plaintiff's second amended complaint do not state an inverse condemnation claim pursuant to the fifth amendment against the city official defendants, either concurrently or in the alternative, the Court does not address that constitutional claim.

post-deprivation remedy is inadequate.  *North American Cold Storage Co. v. Chicago*, 211 U.S. 306, 319-20, 29 S. Ct. 101, 106, 53 L. Ed. 195 (1908)(holding that due process does not require a preliminary hearing when state deprived owner of food declared to be unfit and unwholesome); *See Hodel*, 452 U.S. at 299-300, 101 S. Ct. at 2372 (recognizing justification of summary administrative action in emergency situation).

Defendants do not contest that, generally, providing notice prior to depriving a person of property is a clearly established right.  However, defendants contend that exigent circumstances may allow for the deprivation of property without notice and a pre-deprivation hearing.  As alleged, plaintiff has stated a valid constitutional right to notice prior to depriving it of property because it contends no emergency situation existed.

The second stage of the qualified immunity inquiry, whether it was objectively reasonable for the city officials to believe that the property was in imminent danger of collapse or whether it was objectively reasonable for city officials to demolish the property based on such a finding, asks whether a reasonable official should have known that his conduct violated the plaintiff's constitutional rights.  *Murray v. Earle*, 405 F.3d 278, 285 (5th Cir. 2005).  The Court must look to plaintiff's allegations to determine objective reasonableness.  *See McClendon*, 305 F.3d at 323.  Plaintiff must articulate specific

-12-

conduct and action giving rise to a constitutional violation in order to defeat a qualified immunity defense.  *Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996).

Plaintiff, citing *Fuentes v. Shevin*, 407 U.S. 67, 90-92, 92 S. Ct. 1983, 32 L. Ed. 2d 556 (1972), concedes that post-deprivation notice and a hearing is constitutional in emergency situations.[17]  Notwithstanding this concession, plaintiff alleges that a permit to repair and renovate the building was issued to Complete Property in April, 2003.[18]  While the issuance of a building permit does not necessarily mean that a building is not in imminent danger of collapse, plaintiff affirmatively alleges that "the property was not in imminent danger of collapse,"[19] that more than three months elapsed after Wong determined the structure was in imminent danger of collapse, and that the former owner of the property was given actual notice of the City's intent to demolish the property.  In addition, plaintiff alleges that Wong failed to exercise due care in determining that the property was in any danger of collapse and that in fact the

---

[17] Rec. Doc. No. 61.  Plaintiff argues that the City's public nuisance provision may be unconstitutional on its face because it does not explicitly require the City to take prompt action.  However, plaintiff has not pled its constitutional challenge to the City's public nuisance ordinance.

[18] Rec. Doc. No. 12, ¶ 7.

[19] Rec. Doc. No. 38.

building posed no risk of collapse.[20]  Assuming the truth of plaintiff's allegations, the Court cannot find, on the pleadings alone, that Wong was objectively reasonable in declaring plaintiff's structure in imminent danger of collapse.  Should Wong wish to reurge his qualified immunity defense in a motion for summary judgment with the benefit of evidence, the Court will consider such a motion.

With respect to Reid, Carrere, and Centineo, plaintiff has failed to allege any facts which would provide a basis for individual capacity liability.  Notably, plaintiff does not allege any specific conduct or action on the part of these defendants which would defeat their qualified immunity defense.  In a § 1983 case, the plaintiff "must identify defendants who were either *personally involved in the constitutional violation* or *whose acts are causally connected* to the constitutional violation alleged."  *Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439, 443 (5th Cir. 1999)(emphasis added).

Plaintiff's allegations merely suggest that these three officials had some generalized knowledge of a property owner's constitutional right to actual notice.  However, other than alleging that they knew or should have known that a building permit had issued to plaintiff, plaintiff sets forth no specific

---

[20] Rec. Doc. No. 22, ¶ 40.  The Court construes plaintiff's allegation that Wong failed to exercise due care as a component of its section 1983 claim, and not as a state law negligence claim, against Wong.

factual allegation that Reid, Carrere, or Centineo did anything to deprive plaintiff of its clearly established right to pre-deprivation notice and, therefore, Reid, Carrere, and Centineo are entitled to qualified immunity in their individual capacities.  Accordingly,

For the above and foregoing reasons, **IT IS ORDERED** that defendants' motion for judgment on the pleadings pursuant to Rule 12(c) is **GRANTED IN PART** as to defendants, Reid, Carrere, and Centineo, and **DENIED IN PART** as to defendant, Wong.

New Orleans, Louisiana, January  25th , 2006.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

-15-